## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**BIG CAT RESCUE CORP.,**
**a Florida not for profit corporation,**

        **Plaintiff,**

**vs.**                        **CASE NO. _____**

**BIG CAT RESCUE**
**ENTERTAINMENT GROUP,**
**INC., an Oklahoma Corporation,**
**G.W. EXOTIC ANIMAL MEMORIAL**
**FOUNDATION d/b/a Big Cat Rescue**
**Entertainment Group, an Oklahoma**
**Corporation, and**
**JOE SCHREIBVOGEL,**
**a/k/a Joe Exotic a/k/a Aarron Alex a/k/a**
**Cody Ryan, individually,**

        **Defendants.**
_____)

## COMPLAINT

Plaintiff, BIG CAT RESCUE CORP., a Florida not-for-profit corporation, sues Defendants, BIG CAT RESCUE ENTERTAINMENT GROUP, INC., an Oklahoma corporation, G.W. EXOTIC ANIMAL MEMORIAL FOUNDATION d/b/a Big Cat Rescue Entertainment Group, an Oklahoma Corporation, and JOE SCHREIBVOGEL a/k/a Joe Exotic a/k/a Aarron Alex a/k/a Cody Ryan, individually (all collectively, "Defendants"), and alleges:

## PARTIES

1.    Plaintiff, BIG CAT RESCUE CORP. ("BCR Corp"), is a not-for-profit corporation duly organized under the laws of the state of Florida which maintains its

principal place of business at 12802 Easy Street, Tampa, Florida 33625.  BCR Corp's Chief Executive Officer is Carole Baskin.

2.      Defendant, BIG CAT RESCUE ENTERTAINMENT GROUP, INC., ("BCR Entertainment"), is a currently dissolved corporation organized under the laws of the State of Oklahoma with its principal place of business at 25803 N. CR 3250, Wynnewood, Oklahoma 73098.

3.      Defendant, G.W. EXOTIC ANIMAL MEMORIAL FOUNDATION ("GWE"), is a corporation organized under the laws of the State of Oklahoma with its principal place of business at 25803 N. CR 3250, Wynnewood, Oklahoma 73098.  In the Spring of 2010, GWE filed the trade names "Big Cat Rescue Entertainment Group Inc." and "The Caroll Baskin Entertainment Group" with the Oklahoma Secretary of State.

4.      Defendant JOE SCHREIBVOGEL ("Schreibvogel") is an individual residing in Wynnewood, Oklahoma. At various times, Schreibvogel has employed the following aliases: "Joe Exotic," "Aarron Alex" and "Cody Ryan."  Schreibvogel is an incorporator of both BCR Entertainment and GWE.  Schreibvogel is an officer, shareholder, and agent of both BCR Entertainment and GWE and all of his actions which are the subject of this lawsuit were undertaken individually and in his capacity as an officer and agent of BCR Entertainment and GWE.

5.      In January, 2011, BCR Corp sued Defendants in the United States District Court for the Middle District of Florida, Tampa Division, for trademark infringement for Defendants' adoption and use of the confusingly similar "Big Cat Rescue Entertainment" name, Case Number 8:11-cv-209-MSS-MAP; that lawsuit remains pending.

6.     In September, 2011, BCR Corp sued Defendants in the United States for the Middle District of Florida, Tampa Division, for copyright infringement for Defendants' unauthorized use of BCR Corp.'s federally registered, copyrighted photograph, Case Number 8:11-cv-2014-JDW-TBM; that lawsuit also remains pending.

### JURISDICTION AND VENUE

7.     This Court has jurisdiction under the provisions of 17 U.S.C §501, and 28 U.S.C. §§1331 and 1338(a).

8.     Defendants are subject to the personal jurisdiction of this Court pursuant to the Florida Long Arm Statute, Fla. Stat. §48.193. Specifically, at all times relevant, Defendants have continuously and regularly engaged in substantial and not isolated business activities within the State of Florida. Defendants have used and advertised a Florida office and a telephone number in area code 813, and have actively and extensively marketed their businesses in Florida.   For example, Defendant BCR Entertainment has advertised that it has a telephone number in area code 813.   The website previously used and promoted by Defendant BCR Entertainment, **www.tigersinneed.org**, listed only a Florida office and a telephone number in area code 813.   As recently as March, 2012, Defendants exhibited animals within the Middle District of Florida.   Additionally, Defendants are personally subject to the jurisdiction of this Court because they have committed acts causing injury within the State of Florida by infringing and violating BCR Corp's copyright.

9.     Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b), 1400(a), & 89(b) and in this Division pursuant to Local Rule 1.02, M.D.Fla. Local Rules.

## GENERAL ALLEGATIONS

10.    Initially formed in 1995, BCR Corp is a not for profit organization registered with the IRS as a §501(c)(3) entity.  BCR Corp operates an accredited animal sanctuary for undomesticated large felines, including lions, tigers, bobcats, and cougars, most of which have been abandoned, abused, orphaned, saved, or retired from performing acts.  BCR Corp's dual mission is to provide the best home it can for the undomesticated large felines in its care and educate the public about the plight of these majestic animals – both in captivity and the wild – to end abuse and avoid extinction.

11.    As part of its mission, BCR Corp engages in a public awareness campaign seeking to call attention to the exploitation of undomesticated large felines such as lions and tigers.  As part of this campaign, BCR Corp maintains an informational website, (**www.bigcatrescue.org**), a channel on the website known as "YouTube" (available at **http://www.youtube.com**; hereinafter, "YouTube"), profiles on the website known as "Facebook" (available at **http://www.facebook.com**; hereinafter, "Facebook"), as well as other websites and Internet content portals, on which it posts information, photographs, and videos, as well as links to such material, including the following copyrighted material at issue in this action:

   a.  The photograph entitled "Larry Feeds Lion BCR," attached as Exhibit 1-A;

   b.  The photograph entitled "Cardboard Enrichment Deer," attached as Exhibit 2-A;

   c.  The video entitled "Dade City Oktoberfest Raw Footage Howard Holding Cub," with a screenshot from that video attached as Exhibit 3-A;

   d.  The photograph entitled "HBCameron," attached as Exhibit 4-A; and

e.  The video entitled "How to Make a Tiger Popsicle," with a screenshot from that video attached as Exhibit 5-A.

(Exhibits 1-A, 2-A, 3-A, 4-A, and 5-A are all collectively, BCR Corp's "copyrighted material").

12.  BCR Corp displays its copyrighted material with a copyright notice, reserving all rights.

13.  As a direct consequence of its public awareness campaign, BCR Corp has incurred the ire of those who seek to profit and reap pecuniary gain from the exploitation of exotic animals, including undomesticated large felines.  Among the exploiters of exotic animals that BCR Corp has exposed to public scrutiny are the Defendants.

14.  Defendants have been engaged in a counter-campaign of disinformation, misinformation and disparagement seeking to deflect criticism of their exploitative conduct by attempting to diminish the credibility and goodwill of BCR Corp.

15.  Defendants have infringed on BCR Corp's copyright throughout the Internet, including but not limited to BCR Corp's copyright of the material in Exhibits 1-A through 5-A, as outlined below.

16.  All conditions precedent have occurred, have been satisfied, or have been waived.

## DEFENDANTS' UNAUTHORIZED USE OF BCR'S COPYRIGHTED MATERIAL

### "Larry Feeds Lion BCR" – Exhibit 1-A

17.  On December 5, 2011, Defendants were responsible for the user name "TheJoeexotic" on YouTube.

18.  On December 5, 2011, by and through their "TheJoeexotic" user name,

Defendants uploaded the video entitled "Complaint 1" on YouTube, which was available at url **http://www.youtube.com/watch?v=AObsW-aqdS4** at least until October 1, 2012; that video featured BCR Corp's copyrighted photograph entitled "Larry Feeds Lion BCR" (Exhibit 1-A) without BCR Corp's permission or consent.  See Exhibit 1-B.

19.    On October 1, 2012, BCR Corp observed Defendants' infringing video described above and notified YouTube pursuant to the United States Digital Millennium Copyright Act, 17 U.S.C. §512 ("DMCA") that Defendants' video infringed and violated BCR Corp's copyright.

20.    Pursuant to the DMCA, YouTube notified Defendants of the claimed infringement, removed the infringing video, and afforded Defendants the opportunity to provide a counter-notification.

21.    In their counter-notification, Defendants claimed that the video was removed in error, stating as follows:

> You are filing fake copyright complaints, please stop.  You know very well I own these pictures I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled.

See attached Exhibit 1-C.  Schreibvogel's statement, made under penalty of perjury, was false.

22.    As a result of Defendants' false counter-notification, YouTube informed BCR Corp that it may reinstate Defendants' infringing video unless BCR Corp filed suit.  See Exhibit 1-C.

23.    Carole Baskin, the author of the copyrighted photograph "Larry Feeds Lion BCR" (Exhibit 1-A), was the initial owner of the copyrighted material under 17 U.S.C.

§201(a).

24.     Carole Baskin transferred all ownership of the copyrighted photograph "Larry Feeds Lion BCR" (Exhibit 1-A) to BCR Corp pursuant to 17 U.S.C. §§201(d) and 204(a). See Exhibit 1-D.

25.     Accordingly, BCR Corp may bring this action as the legal owner of the copyright under 17 U.S.C. §501(b).

26.     BCR Corp submitted an application for copyright registration of the copyrighted photograph "Larry Feeds Lion BCR" (Exhibit 1-A) to the United States Copyright Office, along with the appropriate filing fee and uploaded files on October 15, 2012.  See United States Copyright Office Copyright Application, Acknowledgement of Receipt, and Acknowledgements of Uploaded Deposit, attached as Exhibit 1-E.

### "Cardboard Enrichment Deer" – Exhibit 2-A

27.     On December 5, 2011, by and through their "TheJoeexotic" user name, Defendants uploaded the video entitled "Complaint 1" on YouTube, which was available at url **http://www.youtube.com/watch?v=AObsW-aqdS4** at least until October 1, 2012; that video featured BCR Corp's copyrighted photograph entitled "Cardboard Enrichment Deer" (Exhibit 2-A) without BCR Corp's permission or consent.  See Exhibit 2-B.

28.     On October 1, 2012, BCR Corp observed Defendants' infringing video described above and notified YouTube pursuant to the DMCA that Defendants' video infringed and violated BCR Corp's copyright.

29.     Pursuant to the DMCA, YouTube notified Defendants of the claimed infringement, removed the infringing video, and afforded Defendants the opportunity to provide a counter-notification.

30.     In their counter-notification, Defendants claimed that the video was removed in error, stating as follows:

> You are filing fake copyright complaints, please stop.  You know very well I own these pictures I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled.

See attached Exhibit 1-C.  Schreibvogel's statement, made under penalty of perjury, was false.

31.     As a result of Defendants' false counter-notification, YouTube informed BCR Corp that it may reinstate Defendants' infringing video unless BCR Corp filed suit.  See Exhibit 1-C.

32.     Jamie Murdock, the author of the copyrighted photograph "Cardboard Enrichment Deer" (Exhibit 2-A), was the initial owner of the copyrighted material under 17 U.S.C. §201(a).

33.     Jamie Murdock transferred all ownership of the copyrighted photograph "Cardboard Enrichment Deer" (Exhibit 2-A) to BCR Corp pursuant to 17 U.S.C. §§201(d) and 204(a).  See Exhibit 2-C.

34.     Accordingly, BCR Corp may bring this action as the legal owner of the copyright under 17 U.S.C. §501(b).

35.     BCR Corp submitted an application for copyright registration of the copyrighted photograph "Cardboard Enrichment Deer" (Exhibit 2-A) to the United States Copyright Office, along with the appropriate filing fee and uploaded files on October 15, 2012.  See United States Copyright Office Copyright Application, Acknowledgement of Receipt, and Acknowledgements of Uploaded Deposit, attached as Exhibit 2-D.

**"Dade City Oktoberfest Raw Footage Howard Holding Cub" – Exhibit 3-A**

36.     On November 4, 2010, Defendants were responsible for the user name "Joe A Schreibvogel" on Facebook.

37.     On November 4, 2010, by and through their "Joe A Schreibvogel" user name, Defendants uploaded the content which was available at url **http://www.facebook.com/photo.php?fbid=470495419496&set=a.432560724496.19218 6.854099496&type=3&theater** at least until October 2, 2012; that infringing content featured content from BCR Corp's copyrighted video entitled "Dade City Oktoberfest Raw Footage Howard Holding Cub" (Exhibit 3-A) without BCR Corp's permission or consent. See Exhibit 3-B.

38.     On October 2, 2012, BCR Corp observed Defendants' infringing content described above and notified Facebook pursuant to the DMCA that Defendants' content infringed and violated BCR Corp's copyright.

39.     Pursuant to the DMCA, Facebook notified Defendants of the claimed infringement, removed the infringing content, and afforded Defendants the opportunity to provide a counter-notification.

40.     In their counter-notification, Defendants claimed that the infringing content was removed in error "as a result of mistake or misidentification." See attached Exhibit 3-C. Schreibvogel's statement, made under penalty of perjury, was false.

41.     As a result of Defendants' false counter-notification, Facebook informed BCR Corp that it would replace or cease disabling access to Defendants' infringing content unless BCR Corp filed suit. See Exhibit 3-C.

42.     Tracey Arehart, the author of the copyrighted video "Dade City Oktoberfest

Raw Footage Howard Holding Cub" (Exhibit 3-A), was the initial owner of the copyrighted material under 17 U.S.C. §201(a).

43.     Tracey Arehart transferred all ownership of the copyrighted video "Dade City Oktoberfest Raw Footage Howard Holding Cub" (Exhibit 3-A) to BCR Corp pursuant to 17 U.S.C. §§201(d) and 204(a).  See Exhibit 3-D.

44.     Accordingly, BCR Corp may bring this action as the legal owner of the copyright under 17 U.S.C. §501(b).

45.     BCR Corp submitted an application for copyright registration of the copyrighted video "Dade City Oktoberfest Raw Footage Howard Holding Cub" (Exhibit 3-A), to the United States Copyright Office, along with the appropriate filing fee and uploaded files on September 27, 2012.  See United States Copyright Office Copyright Application, Acknowledgement of Receipt, and Acknowledgements of Uploaded Deposit, attached as Exhibit 3-E.

### "HBCameron" – Exhibit 4-A

46.     On March 20, 2011, by and through their "Joe A Schreibvogel" user name, Defendants uploaded the content which was available at urls **http://www.facebook.com/photo.php?fbid=10150138256699497&set=a.195295879496. 122489.854099496&type=3&theater** and **http://www.facebook.com/photo.php?fbid=10150138253574497&set=a.1015013825351 9497.293251.854099496&type=3&theater** at least until October 2, 2012; that content featured BCR Corp's copyrighted photograph entitled "HBCameron" (Exhibit 4-A) without BCR Corp's permission or consent.  See Exhibit 4-B.

47.     On October 2, 2012, BCR Corp observed Defendants' infringing content

described above and notified Facebook pursuant to the DMCA that Defendants' content infringed and violated BCR Corp's copyright.

48.     Pursuant to the DMCA, Facebook notified Defendants of the claimed infringement, removed the infringing content, and afforded Defendants the opportunity to provide a counter-notification.

49.     In their counter-notification, Defendants claimed that the infringing content was removed in error "as a result of mistake or misidentification." See attached Exhibit 4-C. Schreibvogel's statement, made under penalty of perjury, was false.

50.     As a result of Defendants' false counter-notification, Facebook informed BCR Corp that it would replace or cease disabling access to Defendants' infringing content unless BCR Corp filed suit. See Exhibit 4-C.

51.     Carole Baskin, the author of the copyrighted photograph "HBCameron" (Exhibit 4-A), was the initial owner of the copyrighted material under 17 U.S.C. §201(a).

52.     Carole Baskin transferred all ownership of the copyrighted photograph "HBCameron" (Exhibit 4-A) to BCR Corp pursuant to 17 U.S.C. §§201(d) and 204(a). See Exhibit 4-D.

53.     Accordingly, BCR Corp may bring this action as the legal owner of the copyright under 17 U.S.C. §501(b).

54.     BCR Corp submitted an application for copyright registration of the copyrighted photograph "HBCameron" (Exhibit 4-A), to the United States Copyright Office, along with the appropriate filing fee and uploaded files on October 11, 2012. See United States Copyright Office Copyright Application, Acknowledgement of Receipt, and Acknowledgements of Uploaded Deposit, attached as Exhibit 4-E.

## "How to Make a Tiger Popsicle" – Exhibit 5-A

55.    On July 27, 2011, by and through their "Joe A Schreibvogel" user name, Defendants    uploaded    the    content    which    was    available    at    url **http://www.facebook.com/photo.php?fbid=10150287396779497&set=a.195295879496. 122489.854099496&type=3&theater** at least until October 2, 2012; that content featured content from BCR Corp's copyrighted video entitled "How to Make a Tiger Popsicle" (Exhibit 5-A) without BCR Corp's permission or consent. See Exhibit 5-B.

56.    On October 2, 2012, BCR Corp observed Defendants' infringing content described above and notified Facebook pursuant to the DMCA that Defendants' content infringed and violated BCR Corp's copyright.

57.    Pursuant to the DMCA, Facebook notified Defendants of the claimed infringement, removed the infringing content, and afforded Defendants the opportunity to provide a counter-notification.

58.    In their counter-notification, Defendants claimed that the infringing content was removed in error "as a result of mistake or misidentification." See attached Exhibit 4-C. Schreibvogel's statement, made under penalty of perjury, was false.

59.    As a result of Defendants' false counter-notification, Facebook informed BCR Corp that it would replace or cease disabling access to Defendants' infringing content unless BCR Corp filed suit. See Exhibit 4-C.

60.    BCR Corp. submitted an application for copyright registration of the copyrighted video "How to Make a Tiger Popsicle" (Exhibit 5-A), to the United States Copyright Office, along with the appropriate filing fee and uploaded files on October 15, 2012. See United States Copyright Office Copyright Application, Acknowledgement of

Receipt, and Acknowledgements of Uploaded Deposit, attached as Exhibit 5-C.

## COUNT I

### Copyright Infringement

61.     All paragraphs prior to Count I are incorporated and realleged by reference.

62.     This is a suit for copyright infringement and arises under the copyright laws of the United States, namely, Title 17 of the United States Code and more particularly, 17 U.S.C. §§501-505, inclusive.

63.     BCR Corp holds exclusive rights in its copyrights pursuant to 17 U.S.C. §106.

64.     Defendants' use of BCR Corp's copyrighted material infringes BCR Corp's copyrights.

65.     Defendants' use of BCR Corp's copyrighted material is not a fair use under 17 U.S.C. §107.

66.     Plaintiff has been damaged by Defendants' infringement of its copyrights.

67.     Defendants' infringing and violative conduct has caused irreparable and immediate injury to BCR Corp for which it has no adequate remedy at law.

68.     Defendants' conduct was willful, intentional and with full knowledge of BCR Corp's superior rights.

## COUNT II

### Misrepresentation under 17 U.S.C. § 512(f)

69.     All paragraphs prior to Count II are incorporated and realleged by reference.

70.     Schreibvogel's false statements under penalty of perjury in his counter-notifications to YouTube and Facebook are misrepresentations under 17 U.S.C. §512(f).

71.    BCR Corp has suffered damages as a result of Defendants' violation of 17 U.S.C. §512(f).

72.    Defendants' conduct was willful, intentional and with full knowledge of BCR Corp's superior rights.

## PRAYER AS TO ALL COUNTS

WHEREFORE, BCR Corp demands:

a.    That Defendants, their agents, servants, employees and, attorneys, and all those persons in active concert or participation with it, be temporarily and thereafter, permanently enjoined and restrained from:

(1)    Using BCR Corp's copyrighted material in any way whatsoever; and

(2)    Otherwise infringing BCR Corp's copyright;

b.    That Defendants be required to recall from their customers and deliver up and destroy all devices, literature and advertising and other material appearing anywhere (including but not limited to the Internet) bearing the infringing material pursuant to 17 U.S.C. §503(b);

c.    That Plaintiff be awarded its damages and Defendants' profits;

d.    That Plaintiff be awarded its statutory damages of not less than $30,000 per copyright infringed and, given the willful nature of the infringement, up to $150,000 per copyright infringed;

e.    That Plaintiff be awarded a reasonable attorney's fee pursuant to 17 U.S.C. §§505 and 512(f);

f.    That Plaintiff recover its costs in this action pursuant to 17 U.S.C. §§505 and

512(f), as well as Fed. R. Civ. P. 54(d)(1); and

g.      That Plaintiff has such other and further relief as this court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted this 19th day of October, 2012.

Frank R. Jakes
Florida Bar No. 372226
E-Mail:  FrankJ@jpfirm.com
Aleksas A. Barauskas
Florida Bar No. 0068175
E-Mail: AleksasB@jpfirm.com
JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP
P.O. Box 1100
Tampa, FL 33601-1100
TEL: (813) 225-2500
FAX: (813) 223-7118
Attorneys for Plaintiff

1131067