IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BIG CAT RESCUE CORP.,
a Florida not for profit corporation,

    Plaintiff,

vs.                                                                 Case No.: 8:12-cv-02381-JSM-MAP

BIG CAT RESCUE ENTERTAINMENT
GROUP, INC., an Oklahoma corporation;
G.W. EXOTIC MEMORIAL ANIMAL
FOUNDATION d/b/a Big Cat Rescue
Entertainment Group, an Oklahoma
Corporation, and JOE SCHREIBVOGEL,
a/k/a Joe Exotic a/k/a Aarron Alex a/k/a
Cody Ryan, individually,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

COME NOW, Defendants Big Cat Rescue Entertainment Group, Inc. ("BCR Entertainment"), G.W. Exotic Memorial Animal Foundation ("GWE"), and Joe Schreibvogel ("Schreibvogel"), (collectively the "Defendants") through undersigned counsel, and file this Answer and Affirmative Defenses, and further state:

## PARTIES

1.     Defendants are without sufficient knowledge regarding the allegations contained in paragraph 1 of the Complaint, therefore deny same and demand strict proof thereof.

2.     Admitted.

3.     Admitted.

4.     Defendant Schreibvogel admits that he resides in Wynnewood, Oklahoma, and has gone by the names Joe Exotic, Aarron Alex, and Cody Ryan during performances of his

1

professional magic act. Additionally, Schreibvogel admits that his affiliation with GWE is as president of the board and park director. Further, Schreibvogel admits that he was affiliated with BCR Entertainment, however, he denies any affiliation inconsistent with the Articles of Incorporation for the dissolved corporation. Schreibvogel denies all remaining allegations of this paragraph, and demands strict proof thereof.

5. Admitted.

6. Admitted.

## JURISDICTION AND VENUE

7. Defendants stipulate that this Court has jurisdiction over this matter, solely for purposes of this litigation.

8. Defendants stipulate that this Court has jurisdiction over this matter, solely for purposes of this litigation. Defendants deny the specific allegations contained in paragraph 8 and demand strict proof thereof.

9. Admitted.

## GENERAL ALLEGATIONS

10. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 10 of the Complaint, therefore deny same and demand strict proof thereof.

11. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 11 of the Complaint, therefore deny same and demand strict proof thereof.

12. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 12 of the Complaint, therefore deny same and demand strict proof thereof.

13. Defendants object to the characterization of Defendants as "exploiters of exotic animals" as argumentative, deny same, and move to strike the allegation as impertinent and

scandalous. Defendants lack sufficient knowledge regarding the allegations contained in the remainder of paragraph 13 of the Complaint, and therefore deny same and demand strict proof thereof.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint and demand strict proof thereof.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint, and demand strict proof thereof.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint, and demand strict proof thereof.

17. Admitted.

18. Defendants admit that they have posted videos on YouTube; Defendants deny all remaining allegations contained in paragraph 18 and demand strict proof thereof.

19. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 19 of the Complaint, therefore deny same and demand strict proof thereof.

20. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 20 of the Complaint, therefore deny same and demand strict proof thereof.

21. The contents of Exhibit 1-C speak for themselves. To the extent that any allegations contained in paragraph 21 contradict the contents of Exhibit 5, Defendants deny same and demand strict proof thereof.

22. The contents of Exhibit 1-C speak for themselves. To the extent that any allegations contained in paragraph 22 contradict the contents of Exhibit 5, Defendants deny same and demand strict proof thereof.

23. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 23 of the Complaint, therefore deny same and demand strict proof thereof.

24. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 24 of the Complaint, therefore deny same and demand strict proof thereof.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint, and demand strict proof thereof.

26. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 26 of the Complaint, therefore deny same and demand strict proof thereof.

27. Defendants admit that they have posted videos on YouTube; Defendants deny all remaining allegations contained in paragraph 27 and demand strict proof thereof. Further, the contents of Exhibit 2-B speak for themselves. To the extent that any allegations contained in paragraph 18 contradict the contents of Exhibit 2-B, Defendants deny same and demand strict proof thereof.

28. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 28 of the Complaint, therefore deny same and demand strict proof thereof.

29. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 29 of the Complaint, therefore deny same and demand strict proof thereof.

30. The contents of Exhibit 1-C speak for themselves. To the extent that any allegations contained in paragraph 30 contradict the contents of Exhibit 1-C, Defendants deny same and demand strict proof thereof.

31. The contents of Exhibit 1-C speak for themselves. To the extent that any allegations contained in paragraph 31 contradict the contents of Exhibit 1-C, Defendants deny

same and demand strict proof thereof. Further, Defendants deny the remaining allegations contained in paragraph 31 of the Complaint, and demand strict proof thereof.

32. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 32 of the Complaint, therefore deny same and demand strict proof thereof.

33. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 33 of the Complaint, therefore deny same and demand strict proof thereof.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint, and demand strict proof thereof.

35. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 35 of the Complaint, therefore deny same and demand strict proof thereof.

36. Defendant, Schreibvogel, admits the allegations of paragraph 36; as to remaining Defendants all allegations are denied and strict proof thereof is demanded.

37. Defendant, Schreibvogel, only admits having content on Facebook, however, as to all remaining Defendants, all allegations contained in paragraph 37 are denied and demand strict proof thereof. Further, the contents of Exhibit 3-A speak for themselves. To the extent that any allegations contained in paragraph 37 contradict the contents of Exhibit 3-A, Defendants deny same and demand strict proof thereof.

38. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 38 of the Complaint, therefore deny same and demand strict proof thereof.

39. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 39 of the Complaint, therefore deny same and demand strict proof thereof.

40. The contents of Exhibit 3-C speak for themselves. To the extent that any allegations contained in paragraph 40 contradict the contents of Exhibit 3-C, Defendants deny same and demand strict proof thereof.

41. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 41 of the Complaint, therefore deny same and demand strict proof thereof.

42. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 42 of the Complaint, therefore deny same and demand strict proof thereof.

43. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 43 of the Complaint, therefore deny same and demand strict proof thereof.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint, and demand strict proof thereof.

45. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 45 of the Complaint, therefore deny same and demand strict proof thereof.

46. Defendant, Schreibvogel, only admits he had content on Facebook; as to remaining Defendants deny all remaining allegations contained in paragraph 46 and demand strict proof thereof. Further, the contents of Exhibit 4-A speak for themselves. To the extent that any allegations contained in paragraph 46 contradict the contents of Exhibit 4-A, Defendants deny same and demand strict proof thereof.

47. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 47 of the Complaint, therefore deny same and demand strict proof thereof.

48. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 48 of the Complaint, therefore deny same and demand strict proof thereof.

49. The contents of Exhibit 4-C speak for themselves. To the extent that any allegations contained in paragraph 49 contradict the contents of Exhibit 4-C, Defendants deny same and demand strict proof thereof.

50. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 50 of the Complaint, therefore deny same and demand strict proof thereof.

51. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 51 of the Complaint, therefore deny same and demand strict proof thereof.

52. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 52 of the Complaint, therefore deny same and demand strict proof thereof.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint, and demand strict proof thereof.

54. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 54 of the Complaint, therefore deny same and demand strict proof thereof.

55. Defendant, Schreibvogel, only admits that he had content on Facebook; as to remaining Defendants and allegations, denied and demand strict proof thereof. Further, the contents of Exhibit 5-B speak for themselves. To the extent that any allegations contained in paragraph 55 contradict the contents of Exhibit 5-B, Defendants deny same and demand strict proof thereof.

56. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 56 of the Complaint, therefore deny same and demand strict proof thereof.

57. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 57 of the Complaint, therefore deny same and demand strict proof thereof.

58. The contents of Exhibit 4-C speak for themselves. To the extent that any allegations contained in paragraph 58 contradict the contents of Exhibit 4-C, Defendants deny same and demand strict proof thereof.

59. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 59 of the Complaint, therefore deny same and demand strict proof thereof.

60. Defendants are without sufficient knowledge regarding the allegations contained in paragraph 60 of the Complaint, therefore deny same and demand strict proof thereof.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

61. Defendants adopt and incorporate their responses to paragraphs 1 through 60 as if fully set forth herein.

62. Defendants admit that this is a suit for copyright infringement brought under the copyright laws of the United States; Defendants deny that Plaintiff is entitled to any relief under Title 17 of the United States Code.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint and demand strict proof thereof.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint and demand strict proof thereof.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint and demand strict proof thereof.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint and demand strict proof thereof.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint and demand strict proof thereof.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint and demand strict proof thereof.

## COUNT II
## MISREPRESENTATION UNDER 17 U.S.C. § 512(f)

69. Defendants adopt and incorporate their responses to paragraphs 1 through 68 as if fully set forth herein.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint and demand strict proof thereof.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint and demand strict proof thereof.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting that Defendants are liable to Plaintiff because Plaintiff has unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because any alleged use of copyrighted material was fair use of said material.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, because if Plaintiff is indeed the copyright owner of the material, Plaintiff has misused the copyright.

9

WHEREFORE, Defendants respectfully request that Plaintiff's claims be dismissed with prejudice and for any other such relief as this Court deems just and proper.

Dated this 4[h] day of December, 2012.

Respectfully submitted,

**ANDERSON LAW GROUP**

/s/ Nicole E. Durkin, Esq.
Nicole E. Durkin, Esq.
Florida Bar No.:  0078069
Daniel W. Anderson, Esq.
Florida Bar No.: 490873
13577 Feather Sound Drive, Suite 670
Clearwater, FL 33762
Telephone:  (727) 329-1999
Facsimile:  (727) 329-1499
E-mail:  ndurkin@floridalawpartners.com
E-mail:  danderson@floridalawpartners.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 4, 2012, I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of the Court by using the CM/ECF system, which will provide electronic notice of such filing to all counsel of record:

Frank R. Jakes, Esq.
Johnson, Pope, Bokor, Ruppel & Burns, LLP
P.O. Box 1100
Tampa, FL 33601-1100
Telephone:  (813) 225-2500
Facsimile:  (813) 223-7118
E-mail:  FrankJ@jpfirm.com

/s/ Nicole E. Durkin, Esq.

Nicole E. Durkin, Esq.
Florida Bar No.:  0078069