UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BIG CAT RESCUE CORP.,

    Plaintiff,

v.                                                  Case No. 8:12-cv-2381-T-30MAP

BIG CAT RESCUE ENTERTAINMENT
GROUP, INC., et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion for Consolidation of Actions and Incorporated Memorandum of Law (Dkt. 10) and Plaintiff's Memorandum of Law In Opposition to Consolidation and Instead Proposing Reassignment (Dkt. 12). Defendants sought to have the instant case consolidated with *Big Cat Rescue Corp. v. Big Cat Rescue Entertainment Group, Inc.*, Case No.: 8:11-cv-2014-JDW-TBM, a case pending before Judge James D. Whittemore in the Middle District of Florida, Tampa Division. The Court, having reviewed the motion, response, and being otherwise advised of the premises, concludes that the motion to consolidate *must* be denied.

Federal Rule of Civil Procedure 42(a) provides for a district court to consolidate actions involving a common question of law or fact. Fed. R. Civ. P. 42(a). Local Rule 1.04(c) states that "[i]f cases assigned to *a judge* are related because of either a common question of law or fact," a party may move to consolidate pursuant to Rule 42(a). Thereby, this Court does not have authority under the Local Rules to consolidate the two cases at this junction because both cases are not pending before this Court.

Rather, Local Rule 1.04(b) explains the proper procedure: "[i]f cases assigned to different judges are related because of either a common question of fact or any other prospective duplication in the prosecution or resolution of the cases, a party may *move to transfer* any related case to the judge assigned to the first-filed among the related cases." However, the motion may only be granted with the consent of the transferee judge. Local Rule 1.04(b). No motion to transfer has been filed in this case, and, even if one of the parties were to file such a motion, Judge Whittemore does not consent to transfer of the instant case.

Moreover, Rule 42(a) consolidation "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1168 (11th Cir. 1995). Although the two cases involve identical parties and the same causes of action, they are factually distinct both in their procedural posture and the alleged copyrighted material. Case No.: 8:11-cv-2014-JDW-TBM is set for trial in early February before Judge Whittemore while the instant case was filed two months ago and the parties have yet to exchange initial disclosures, much less conduct discovery. As such, consolidation of the two cases would not promote judicial efficiency, rather it would only derail justice being rendered in a timely fashion for the earlier action.

It is therefore ORDERED AND ADJUDGED that Defendants' Motion for Consolidation of Actions (Dkt. 10) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on December 11, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2012\12-cv-2381.denyconsolidation.frm